IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER & ELPIS CONSTANTINIDES : CONSOLIDATED UNDER
: MDL 875
    Plaintiffs, :
:
v. :
: CIVIL ACTION
ALFA LAVAL, INC., et al., : NO. 09-70613
:
    Defendants. :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                            AUGUST 17, 2010

        Before the Court is the report and recommendation ("R&R") issued by Chief Magistrate Judge Thomas J. Rueter, and joined by Magistrate Judges David R. Strawbridge and Elizabeth T. Hey ("the Panel"), and defendant Crane Co.'s objections thereto. The Panel recommends that the Court deny Crane Co.'s motion for summary judgment.[1] Federal jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332. The issue before the Court revolves around product identification.

I. BACKGROUND

        This case is part of MDL-875, the consolidated asbestos

---

[1] This case was referred by Order of the Presiding Judge of MDL-875 to a panel of three magistrate judges pursuant to MDL-875 summary judgment procedures regarding issues of causation (product identification), successor liability and settled issues of state law. (See MDL-875 summary judgment procedures, available at www.paed.uscourts.gov/mdl1875y.asp; see also doc. no. ). In the instant case, the R&R was filed after all parties were afforded an opportunity to brief all relevant summary judgment issues and lengthy argument in front of the Panel.

products liability multidistrict litigation pending in the Eastern District of Pennsylvania.  The instant claims are based on failure to warn causes of action.  (Compl. ¶5.)  Plaintiff Peter Constantinides ("Mr. Constantinides") is the injured party in the instant case, and the injuries allegedly stem from his time as a serviceman in the U.S. Navy.  Mr. Constantinides served aboard the U.S.S. Iowa from 1954-1956.  (Suppl. Compl. ¶¶ 3-5.)  Plaintiff alleges that Mr. Constantinides's diagnosed mesothelioma was contracted because of exposure to asbestos-containing products, including Crane Co. products, used aboard the U.S.S. Iowa.  (Id.)  Crane Co. moved for summary judgment relying solely on the argument that Plaintiff had failed to establish causation.  Specifically, Crane Co. argued that Plaintiff had failed to establish that exposure to a Crane Co. product caused Mr. Constantinides's injuries.  (Crane Co.'s Mot. Summ. J. at 2, 4-5. doc. no. 107.)

  Crane Co. raises two specific objections to the R&R. (Crane Co. Objects., doc. no. 177, at 1.)  First, it objects to the Panel's finding that Plaintiff advanced sufficient evidence of causation to avoid summary judgment.  Specifically, with regard to this objection, Crane Co. states that "under either Florida or maritime law, Crane Co. is not liable for asbestos-containing products made or supplied by others that Crane Co. did not place into the stream of commerce."  (Id.)  Second, Crane Co.

objects to the Panel's conclusion that Mr. Constantinides worked on valves, contending that this conclusion is not supported by the evidence. The Court overrules each of these objections, and adopts the Panel's R&R denying Crane Co.'s motion for summary judgment.

II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[a] judge of the Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

When evaluating a motion for summary judgment, Federal Rule of Civil Procedure 56 provides that the Court must grant judgment in favor of the moving party when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact . . . ." Fed. R. Civ. P. 56(c)(2). A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that

fact. Id. at 248-49. "In considering the evidence, the court should draw all reasonable inferences against the moving party." El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

"Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by showing-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004) (quoting Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001)). Once the moving party has thus discharged its burden, the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in [Rule 56]--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

III. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court must apply a de novo standard of review to the portions of the R&R that Crane Co. has objected to. Notably, Crane Co. has not objected to the applicable law that the Panel applied in reaching their recommendation. (See R&R, doc. no. 159, at 5.) The

substance of Crane Co.'s objections is directed at the application of the law to the facts presented by Plaintiff. Therefore, the Court adopts the Panel's recitation of the applicable Florida law on causation in asbestos products liability cases. Crane Co.'s three objections to the application of the law are addressed <u>ad seriatim</u>.

> A.  Crane Co. is not Liable for Asbestos Containing Products Made or Supplied by Others

Crane Co.'s first objection attempts to assert a defense that there was no duty to warn an end user when the "asbestos-containing products made and supplied by others" were not placed into the stream of commerce by Crane Co. (Crane Co. Objects., doc. no. 158, at 2.) Since Crane Co. never raised this argument in their motion for summary judgment, and acknowledged as much at oral argument, this argument has been waived and the objection is overruled.

At some point during the three hour oral argument before the Panel, the attorney for Crane Co. did mention that his valves came as "bare metal" (i.e. that the valves supplied to the Navy by Crane Co. did not include asbestos insulation as part of their final product, rather it was applied later by an entity other than Crane Co.). (Hrg. Trans., doc. no. 143 at 73:11-12.) However, when Magistrate Judge Hey asked him about the defense

5

specifically, Counsel acknowledged that Crane Co. had not made the argument prior to the hearing. (Id. at 82:17-25.) The transcript reads as follows:

> JUDGE HEY: All right, thank you. Now you also, you raised the bare [metal] issue. Is there anything that you want - or you don't.
>
> MR. SWETZ [Counsel for Crane Co.]: Well, other than to the extent that these valves did come as bare metal. We did not sort of advance that argument. It is an argument that we would plan to make, that these came – they were not covered in asbestos.

Crane Co. did not raise anything resembling the "bare metal" defense in their motion for summary judgment. Other than a cite to the case of Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005), in Crane Co.'s reply brief, there is no case law cited which could support this argument. (See Reply in Supp. Mot. Summ. J., doc. no. 137, at 2.) Furthermore, the Lindstrom case was cited in support of an argument that a plaintiff must prove exposure to respirable fibers emanating from a particular defendant's product; Crane Co. did not advance any argument that they were not required to warn because their valves consisted of "bare metal." (See Id.)

To the extent that one could conclude that the citation to Lindstrom did raise the argument, "an argument consisting of no more than a conclusory assertion . . . will be deemed waived." See Reynolds v. Wagner, 128 F.3d 166, 178 (3d Cir. 1997). Furthermore, and in the same vein, "arguments mentioned in passing, but not squarely argued, will be deemed waived." Pennsylvania v. U.S. Dep't of Health & Human Serv., 101 F.3d 939, 945 (3d Cir. 1996).[2] Crane Co. has not squarely argued or effectively asserted this defense in any context prior to the filing of objections. Therefore, Crane Co.'s objections on the basis that it asserted the bare metal defense to the Panel is unavailing, and the objection is overruled.

B. Objection to the Panel's Conclusion that Mr. Constantinides worked on valves

Crane Co.'s second objection to the Panel's R&R attacks the evidence put forward by the Plaintiff in response to Crane Co.'s motion for summary judgment. Plaintiff relies on the deposition testimony of Mr. Constantinides and his co-worker, Mr. Harris, combined with the testimony of an expert witness, Arnold Moore,

---

[2] The need to clearly articulate and argue the bases for the assertion of the "bare metal" defense before the Panel is heightened in that the availability of the defense is unsettled under Florida law and the subject of much controversy in other forums. Compare Simonetta v. Viad Corp., 197 P.3d 127 (2008) and Merrill v. Leslie Controls, Inc., 101 Cal. Rptr. 3d 414 (Cal. Ct. App. 2009) with Berkowicz v. AC & S, Inc., 288 A.D.2d 148 (N.Y. App. Div. 2001) and Chicano v. Gen. Elec. Co., 03-5126, 2004 WL 2250990 (E.D. Pa. Oct. 5, 2004.)

7

to raise a genuine issue of material fact as to whether Crane Co. valves were present on the U.S.S. Iowa. (R&R at 5-6.) Plaintiff also points to this evidence to raise the issue of whether these valves generated asbestos dust to which Mr. Constantinides was exposed to while working aboard the U.S.S. Iowa. (Id.) Crane Co. disagrees with the Panel's determination that these depositions, read in conjunction with each other, are enough to overcome their motion for summary judgment.

The parties substantially agree on the applicable law.[3] To establish causation under Florida law, a plaintiff must show that asbestos exposure from the defendant's product at issue was a substantial contributing factor to plaintiff's physical impairment. Fla. Stat. § 774.204(1)(2009); Reaves v. Armstrong World Indus., Inc., 569 So.2d 1307, 1308-9 (Fla. 4th DCA 1990).

In this case, Mr. Constantinides worked as a fireman's apprentice on board the U.S.S. Iowa. As a fireman's apprentice, Mr. Constantinides was mainly assigned to the boiler rooms on board the ship. (R&R at 2.) Inside the boiler room, Mr. Constantinides daily activities included cleaning and maintenance of the pumps, valves, and other machinery. (Id.) Plaintiff himself stated that this activity created airborne dust from the

---

[3] The Panel conducted a careful conflict of law analysis and concluded that Florida law controlled the question of causation. At oral argument, counsel agreed that the results under Florida law would be same as under maritime law on the issue of causation.

8

machinery present in the boiler room.  Mr. Constantinides also
testified that he occasionally repaired pumps and motors by
removing and replacing gaskets and bearings, and that he was also
assigned to operate the ship's generators for two to three weeks
and breathed in dust from that.  (Constantinides Video Dep. at
56-59, 62-64, 66-68.)  Plaintiff further testified that he was
not provided a mask or respirator while he worked in the U.S.S.
Iowa boiler room.  (Constantinides Video Dep., Vol. 1, at 20-26.)

Plaintiff also points to the testimony of Mr.
Constantinides's co-worker, Robert Harris, who testified that he
and Mr. Constantinides spent time cleaning out the existing
packing within the valves with a screwdriver, and replacing the
packing and gasket within the valves.  (Harris Dep. at 11-15,
52,56.)  According to Mr. Harris, this process created a
significant amount of dust which both he and Mr. Constantinides
breathed in.  (Id. at 14-15.)

While neither Mr. Harris nor Mr. Constantinides were
able to identify the manufacturer of any of the valves, Plaintiff
has retained an expert, Arnold Moore, a retired navy captain to
identify the manufacturers of the component parts in the U.S.S.
Iowa boiler room.[4]  Capt. Moore's report stated that each boiler

---

[4]     Captain Moore has been continuously licensed as a
professional engineer for 29 years.  Captain Moore completed
several tours of duty in the U.S. Navy in the engineering
department of different ships, serving as the Damage Control
Officer.  He completed an extensive qualification program for

9

room on the Iowa contained "numerous" Crane valves. (Moore Dep. at 192, 196.) The presence of Crane Co. valves in the boiler room of the Iowa was admitted to by Crane Co.'s counsel at oral argument. (Hrg. Trans., doc. no. 143 at 90.) In addition to these valves, Capt. Moore stated that Crane also manufactured steam relief valves, manufactured with asbestos stem packing, which were present in both boiler rooms of the U.S.S. Iowa. (Moore Report at 11-12.)

Crane Co.'s objection is simply that, despite the evidence summarized above, "[p]laintiffs have failed to establish facts supporting their bare allegation that Mr. Constantinides worked on or around [Crane Co.] valves aboard the U.S.S. Iowa. Viewing the evidence in the light most favorable to Plaintiffs, and drawing all reasonable inferences against Crane Co., the moving party, the Court agrees with the Panel's conclusion. There is sufficient evidence presented, not only that Crane Co. valves were present on the U.S.S. Iowa, but that Mr.

---

Engineering Officer of the Watch on the U.S.S. Newport News. From 1972-1975 Captain Moore was a Navy sponsored graduate student at the Massachusetts Institute of Technology in the Naval Ship Design and Construction curriculum. At the conclusion of this program, Captain Moore received a Master of Science degree in Naval Architecture and Marine Engineering and a Professional Degree of Ocean Engineer. Captain Moore's testimony is based on his educational background and his 26 years of experience as a Naval Officer and 28 years as a Naval Architect and Marine Engineer directing the design of United States naval warships. During this time, Captain Moore conducted extensive research of Navy specifications and standards. (Moore Report, doc. no. 131, Exh. F., at 2-4.)

Constantinides worked on the gaskets, packing and insulation applied to these valves, that this work created dust, and that this insulation was necessary for the valves to work properly aboard the U.S.S. Iowa. Therefore, Plaintiffs' have presented enough evidence to raise a genuine issue of material fact for trial.

Accordingly, Crane Co.'s second objection is overruled.

IV. CONCLUSION

Each of Crane Co.'s objections to the Panel's R&R are overruled. The Court adopts the Panel's R&R denying summary judgment as to Plaintiff's claims against Crane Co.
An appropriate order follows.